I'm here on behalf of the appellant and petitioner, David Durazo-Murrieta, and I'd like to reserve about five minutes for my rebuttal. The parties here agree on the applicable legal standard. There's really only one issue before this Court, and that's whether the petitioner's father was physically present in the United States for a total of 10 years prior to the petitioner's birth in 1967, and at least five of those years must have occurred after the father turned 14 in 1941. And I'm, yes. In my mind, the whole case turns on that issue, and the question I have for you is, we applied the normal summary judgment standards. What obligation does the petitioner have in order to make out a prima facie case that he will be able to prove that element of the claim? It seems to me that unfortunately what's missing from the mother's declaration is a couple more sentences that would have fleshed out a showing that the father was here for the requisite time, and it's not there. So the question is under our precedent, is that, has he made a sufficient enough showing in order to warrant a transfer to the district court for further evidentiary proceedings? Your Honor, if I may initially address your statement that the mother's statement does not provide the requisite facts. You know, I agree with you that it's not masterfully written. It could have been much better written. But I do believe that saying that the father since 1952 has been working in the United States does satisfy that burden, especially when the burden is subject to a preponderance of evidence standard, which simply requires us to show that more probably true than not. And it's not only the mother's statement. I would couple that with statements of the petitioner in his own brief. I would couple that with statements in the death certificate, which confirm he worked here in the farming industry, statements in the marriage certificate, which confirm that. So if I may initially, I think we do actually are able to establish by preponderance of evidence that he. The problem we have is under the statute, it's a very specific requirement. It's got to be ten years and then, what is it, five years after the father was 14 years old. And the question is, do we get there with the bare statement by the mother that the father worked in the agricultural trucking industry since 1952? There's no statement as to for what part of the year he worked or was he fully employed every year since 1952. It's quite a leap that the court is being asked to make. Well, the legal standard requires that there be a total of ten years. It does not require that it be an unbroken consecutive period. So if we're able to patch together even ten years, that would satisfy the standard. No question about that. The question is whether or not the bald statement, you know, my husband worked in the agriculture industry in Arizona and California since 1952, and he was born here and he died here is enough to establish a prime efficient case so that we can say, yes, there's a contested issue of material fact. The Petitioner's adequately raised it. Now we need to send it to a district court to flush it out. I apologize. I believe a reasonable inference from since 1952 is that it is an unbroken period of time, and if there were any departures, they were not significant enough to mention. You're not saying it's proof positive, but it's enough to get you a hearing in district court. I definitely, especially when you look at your other cases, and the case actually cited by the government, the case of Dung Van Chau, they had much less than what we have, and that justified them going back to the district court. There you had a Vietnamese lady saying that she had met an African American man in an American uniform a couple of times and then had had a child who resembled this man. She did not know this man's name. She did not even know for a fact whether he was American and certainly had no knowledge of what periods of time he was in the United States. Make a difference in that case that the INS conceded that that was a sufficient enough showing in order to warrant a hearing. Here, as I guess we'll hear from the government in a minute, they're not making that concession. It's correct that in that case they made the concession, but in the very black and white letters of the case it's very clear that the court makes clear that upon their own inquiry they have become satisfied that there was justification to send it to the district court. And if I may just introduce another concept here, and it's again from a case out of the Ninth Circuit, which imposes an obligation on the immigration judge that if he were to think that the term since 1952 was ambiguous, it would have been incumbent upon him to make inquiries at that time as to what does this really mean. And the fact that, and in my view, his breach of that violation should not now count against the Petitioner. Who bears the burden of proof in a derivative citizenship? It is on the Petitioner. But if I may just read a portion of a case we have cited in our pleadings, and it's Agyeman v. INS at 296 F. 3rd, 871. The language I'd like to bring to your attention is, when the alien appears pro se, it is the I.J.'s duty to fully develop the record. Because aliens appearing pro se often lack the legal knowledge to navigate their way successfully through the morass of immigration law, and because their failure to do so successfully might result in their expulsion from this country, it is critical that the I.J. scrupulously and conscientiously probe them to inquire of and explore for all the relevant facts. When you couple that obligation with the fact that you have statements in the brief by the Petitioner saying, my father never worked in Mexico, my father never lived in Mexico, my father always worked in the United States, and it was his practice to visit us two to three times a year, staying a week each time. That was troubling, I found, in the record, where they're really, it seemed, in the administrative proceedings they were looking at the father's residency and using things like the birth of the children to impute some substantial time. And, of course, a birth of a child is consistent with the Petitioner's testimony as to the father coming and going from time to time and spending no time. I guess my question is, if we discount those findings, does that at all change the calculus of what light you view the mother's declaration or affidavit in? We've certainly argued in our papers that it should be discounted, and I've seen no opposition from the government on that. It is very clear to me that the I.J. not only applied the wrong law, but he did not rely on substantial evidence for his factual findings and engaged in quite a bit of speculating. He, first of all, considers the birth of younger brothers. That's a time period that we really don't care about. And, second of all, the fact that even the older brother was born in Mexico does not mean that this man was substantially living in Mexico. You mean he was even in Mexico? I mean, there's a difference between being born in Mexico and being conceived in Mexico. Yes, and I think there was no evidence in the record to show the mother had traveled to the U.S., but we all know it doesn't take very long to conceive a child. So the fact that a child had been conceived in Mexico does not prove that the 10-year requirement had not been there. And no judicial notice of that? Right. That's why I didn't submit any papers to that effect. And obviously you have about two minutes left. You're welcome to use them or to reserve them as you see fit. I will just briefly complete my thought here and then reserve my time. I do think that in this case there should be no weight given to what the immigration judge has done. And so to that extent, I think we need to have at least the district court, if Your Honors are not ready to decide on the record, decide what the facts are here. And with that, if I may reserve. Thank you, Mr. Chief. Thank you. Good morning. Good morning, Your Honors. May it please the Court, Charles Kanner on behalf of the Attorney General. Your Honor, the first point to make that perhaps doesn't need to be made, but just to be clear, the immigration judge's decision is not under review here. I believe that this Court is making a de novo determination as to whether the evidence presented by Petitioner creates a genuine issue of material fact regarding his father's physical presence. Right. Now, he's got evidence that the father was born in California, died in California, and in the words of the mother, since 1952, worked in California. Why isn't that enough to get his foot in the door to get him a hearing? Because none of that, well, as it relates to physical presence prior to Mr. DeRoza's birth, the mother's letter doesn't provide any information on the key question. It's not whether his father was ever in the United States. It's how long was his father in the United States. Well, it's taking it at face value. It says since 1952, my husband worked in California. It doesn't say intermittently worked in California or went back and forth between Mexico and California. It says since 1952, my husband's worked in the fields in California and Arizona. It does say since. And then taking it in the light most favorable to him, why doesn't that get him in the door? Because I don't believe that it would be a reasonable inference from that bare assertion to conclude that the requisite physical presence has been met. The letter says since 1952. Yes, the ordinary meaning of since is that it would be an ongoing activity. However, it is, I think there's no evidence, it's undisputed that Mr. DeRoza's father had a family in Mexico, that he, his family grew from 1952 onward. There's, so the question, so it's undisputed that he was not always in the United States from 1952 on. What evidence is there that he went back to Mexico? Mr. DeRoza is the evidence that he went back to Mexico. Okay, but after that? After Mr. Yeah, I mean, other than the birth of this guy, we don't even know where Mr. DeRoza was conceived, do we? Well, there's no evidence as Petitioner's counsel conceded. There's no evidence that the mother ever came to the United States prior to Mr. DeRoza's birth. But given the, how can I say this delicately, relative ease with which a conception can occur, it wouldn't require a very long visit to Mexico, would it, counsel? No, Your Honor, it would not require a long visit. However, it is Mr. DeRoza's burden to demonstrate the physical presence requirement. It is not to simply say, and he can't meet that burden or create a general issue of material, a genuine issue of material fact on that burden by simply saying, my father worked in the United States some. But you couple that with the mother's statement. I mean, you've been a, you're a lawyer, correct? Yes. And how long have you been a lawyer? About two and a half years. So you've been a lawyer since a certain period of time, correct? If you told me, if you came in and you said, I have been a lawyer since 2005, the face value meaning of that is that you've been a lawyer from 2005 to now. Now, if somebody else comes in with countering evidence, that would be something else. But we don't have any countering evidence that you haven't been a lawyer for two and a half years if you say since. So we have to give some common sense meaning to the statement of a mother who's been married to this guy and knows what his work history is. And we're not saying that she'll win if you take it at face value. All you're saying is that there is enough of an inference there to get a hearing. I mean, that's, it's a pretty low threshold, isn't it? It is a low threshold, Your Honor, but, one, I don't know that we need to, that this is, we can create a genuine issue of material fact by parsing his mother's letter. But that's what you're doing. You're saying, well, since doesn't really mean since. It's not enough to read it as since. Because since doesn't, the line of work that Mr. DeRozo's father was in is not full-time year-round work necessarily. And the difference here is a matter of a month per year. If he were in the United States for three-quarters of the year, for nine months a year, then that would total up to 11 and a half or so years of physical presence. If it were eight months, if he only averaged eight months a year, then we're under 10 years. And it's undisputed that he was not, I agree that since means continuing, but it is undisputed that he was not always in the United States. So we know that he was not always in the United States. Counsel, if I were to craft a hypothetical based on our decision in Chau, and I gave you the following facts, that since Chau's mother worked as a bar girl in Saigon during Vietnam and the bar was frequented by many American soldiers, and at some point Chau was born, and we determined in our wisdom that that was a sufficient showing to warrant a transfer for an evidentiary hearing, isn't that controlling? Isn't that a weaker showing than what we have here in this case? Your Honor, with respect, I'm not sure that that is a weaker showing. I think that is very nearly an identical showing. And the question is not, it is the summary judgment standard. And in Chau, what I think is important, especially looking at page 1166 of Judge McNamee's decision, the exact same evidence that Chau had before this Court is the same evidence that he ended up with after the case was transferred to the District Court. And Judge — You're giving us history subsequent to the panel decision in Chau, is that what you're telling me? Yes, Your Honor. The published decision is — Judge McNamee's decision is the 2006 decision. I see. That's the evidentiary hearing? Yes, Your Honor. It's actually a motion for summary judgment by the government. I believe it's cited in our brief, but just to save time, it's 424, F sub second, 1159. Okay. But what does that do for us? The problem that we're looking at here, as counsel correctly points out, is we're not looking at the merits. All we're asking is whether or not the alien has established a prima facie case sufficient to create a contested issue of material fact over this presence issue. And in Chau, prior to Judge McNamee's hearing on remand, all the petitioner could show was that the mother worked in a bar in Saigon and that apparently she had relations with African-American U.S. soldiers and that Chau resembles, I guess, his putative father. That's pretty thin. Well, Your Honor, the ‑‑ I guess my point is that because it's a summary judgment standard, this Court, you know, is effectively three judges sitting as a district judge deciding a motion for summary judgment. And the question Your Honors must determine is would we ‑‑ if we were in district court, this was the evidence that Mr. McNamee presented, would Your Honors grant summary judgment or more in your ordinary roles, if we were coming from the district court and we had a de novo review of a grant of summary judgment with this evidence, would Your Honors reverse a grant of summary judgment? Would Your Honors reverse Judge McNamee's opinion, decision in Chau? What do you mean? I don't understand that. We would seem to me to say there are material disputes of fact. We have to have a trial. He's not moving for summary judgment here. Well, Your Honor, I believe under this Court's ‑‑ I mean, if I understand the facts correctly, and if I understand Petitioner's position correctly, she's not asking for summary judgment here. She's saying there are material disputes that entitle us to a trial. We don't have to find that he would win. We just have to find that he's got enough to get him in the courthouse. No, Your Honor, I agree. What I'm saying is, would Your Honors grant a motion by the government for summary judgment, or had the government ‑‑ were this case coming from the district court, were this Chau on appeal from the District of Arizona, would Your Honors reverse the grant of summary judgment in favor of the government? Well, no. I understand what you're saying. What you're saying is, here's the record. It's now in the Court of Appeals. Is there a genuine issue of material fact to let it go to a trial? Or is, in fact, the situation such that there's not a material issue and Petitioner hasn't met the burden? And if you ask it that way, it's just a different way of us asking, is there enough in the record to raise a material issue of fact? I think you're just asking it coming up the other way, as I understand it. Correct, Your Honor. But in doing that, you know, usually there's a material issue of fact. There's prima facie evidence here, and there's nothing to discount it. So it certainly raises, it seems to me, an issue of fact, if not even going a little further than that, with respect to his residency in the United States, because there's really nothing, not even anything on the other side of the ledger at this point. Now, maybe the government could put something, you know, in a trial or an evidentiary hearing, but I'm kind of hard-pressed to see why, if you put in and say, look, lived here since then, worked here, here are the dates, you know, I made myself a little older, as I'm sure everybody has, to figure out when he was 14 and when the child was born, I'm kind of hard-pressed to see why this isn't exactly like the situation you say, which is, comes up, and is there a genuine issue of fact? It seems like there is. Well, Your Honor, I think, again, it would be where the only evidence that the party bearing the burden of proof has is simply invites pure speculation, not a reasonable inference, but pure speculation as to an element of his claim. Then there's no genuine issue of material fact, and summary judgment would be appropriate for the party that does not bear the burden. So I think in this case, the petition for review should be denied.  Thank you, Your Honor. Your Honor, you had, I believe, two minutes left, if you want them. I'll be very brief. I just want to touch on a couple of points I'd like to highlight. I'd like to make a pitch again from our primary request for relief from that court, and that is a determination by this court that the petitioner has met his burden. How can we do that on this record? I mean, we've got, at best, an ambiguity as to what since means, and we don't have any way in the record to resolve whether he was here every year for 365 days of the year or only during the growing season. There's just nothing at this point to help us answer that question. Judge Tomlin, my take on that is that there is not no ambiguity in the term since 1952, especially when the I.J. didn't inquire any further. There was no opposing questioning since 1952. You want us to read since as to be 365 days a year since 1952, and he was driving in the agricultural industry in both states for the entire period of time? Correct. With any departures being very insubstantial. If I'm asked since when have you been living in California, I would say since 1980. That doesn't mean I never stepped out of California. But I conclude it's insubstantial if during the period of time he had three children born to him all in Mexico. Well, Your Honor, again, we cannot focus on the petitioner's birth or his younger brother's birth. We're only looking at the period of time prior to the petitioner's birth. So you have one child born during that time. And I think the term since means since, continuously from 1952 to the time that the petitioner was born in 1967. I would give the term its natural meaning. And that is not to say that he never stepped out of California, because we know for a fact he did. And I would also, again, underscore that there is other evidence here to go to. And, again, I would rely on the pro se statements made by the petitioner. And this Court has before given the leniency to pro se litigants to make statements in their brief as opposed to in an affidavit. He says my father never lived in Mexico, never worked there, always lived and worked in the U.S. And this is the point I would like to highlight in addressing my opponent's argument that he might have spent three-quarters of a year out of the U.S., one-quarter of the year. We know that's not the case, because the petitioner says my father would travel to Mexico two to three times a year, staying one week each time. So we don't need to go beyond the record on that point. One other point on that, though, is the mother wasn't married to him in 1952, correct? Correct. That's correct. And we don't have any evidence that she was in, you know, kind of a common-law relationship with him. So even there raises an ambiguity about her knowledge, doesn't it? Well, we know for a fact that he was the father. The birth certificate. No, no, we know that. And we know he was born. But I'm just saying in terms of giving us that long period of time and whether there's some ambiguity, you do have the mom kind of collectively scooping up a few more years based on presumably having met him and him having said, here's what I was doing before I met you. True. But certainly it's the record will show that this man and woman spent a long time together. And so I think it's reasonable, again, to presume. 1956. Not, you know, yes. And so it's so I think it's reasonable to say she would have that knowledge. My understanding based on the record, she is actually I do know she is alive because I have an alternate contact information for her. To be able to get a more fuller declaration. Yes. And that's the other point. If we're now talking about whether we've raised a genuine issue of fact, I think this is not like the case of Chau when they were not able to submit more at the district level. It's no surprise to me they didn't even know who the father was. It's very hard to get more evidence. We know that. It's simply here a problem of, you know, more statements, more details in the mother's recitation. So and let's see if I had any other comments. Your time is up. Very good. Thank you very much. Then I have no further comments. Thank you very much. I know before you go, I just want you to know we appreciate your having accepted this appointment on a pro bono basis. Thank you very much for doing that. My honor. Thank you very much. Thank you, counsel. Case to start. You just submitted it. Thank you, Mr. Cannon. 06157.
judges: Silverman, McKeown, Tallman